```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                           TAMPA DIVISION
```

HERNANDO PASCO HOSPICE, INC.,

    Plaintiff,

v.                                       Case No. 8:13-cv-353-T-33AEP

MERITAIN HEALTH, INC.,

    Defendant,

_____/

MERITAIN HEALTH, INC.,

    Third-Party Plaintiff,

v.

ZANCANELLI MANAGEMENT CORP.,

    Third-Party Defendant.

_____/

## ORDER

This cause comes before the Court pursuant to Plaintiff Hernando Pasco Hospice, Inc.'s Response in Opposition to Notice/Petition for Removal and Motion to Remand (Doc. # 9), filed on March 8, 2013. Third-Party Defendant Zancanelli Management Corp. filed a response in opposition to the motion on March 22, 2013. (Doc. # 10).

After due consideration and for the reasons that follow, the Court grants the motion to remand.

## I.   Background

Plaintiff Hernando Pasco Hospice filed a Complaint against Defendant Meritain Health Inc. in Pasco County Court on July 12, 2012, alleging one count for detrimental reliance. (Doc. # 2).  The Complaint alleges that on or about September 8, 2009, Hernando Pasco Hospice began providing care to Bernard Feldkamp, an employee of Third-Party Defendant Zancanelli Management. (Id. at ¶ 5).  The Complaint alleges that Zancanelli provided insurance to its employees through Meritain Health. (Id.).  According to the Complaint, a Meritain representative verbally authorized Hernando Pasco Hospice to provide services to Mr. Feldkamp and directed Hernando Pasco Hospice to submit bills for payment to Meritain for all services provided to Mr. Feldkamp. (Id. at ¶ 6).  In reliance on Meritain's promise of coverage, Hernando Pasco Hospice alleges that it provided services to Mr. Feldkamp totaling $13,413.52. (Id. at ¶ 7).  However, Meritain allegedly failed or refused to remit payment to Hernando Pasco Hospice for the services provided to Mr. Feldkamp. (Id. at ¶ 8).

On or about January 3, 2013, Meritain filed an amended Answer to the Complaint and included a Third-Party Complaint for common law and contractual indemnity against Zancanelli.

(Doc. # 4). The Third-Party Complaint alleges that Meritain and Zancanelli are parties to an Administrative Services Agreement, pursuant to which Meritain provided certain enumerated administrative services. (Id. at ¶ 3). The Agreement also provides certain circumstances under which Zancanelli is required to indemnify Meritain. (Id. at ¶ 4). Thus, Meritain alleges that if it is found liable to Hernando Pasco Hospice, Zancanelli is required to indemnify it for such liability. (Id. at 4).

Zancanelli was served with the Third-Party Complaint on January 11, 2013, and removed the case to this Court on February 7, 2013. (Doc. # 1). Zancanelli contends that the claims in the Complaint and the Third-Party Complaint are governed and preempted by the Employee Retirement Income and Security Act of 1974, 29 U.S.C. § 1001, et seq. (ERISA), such that the Court has original federal question jurisdiction over the action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132. (Id. at ¶ 3).

Hernando Pasco Hospice filed the instant motion to remand on March 8, 2013 (Doc. # 9), arguing that Zancanelli, as a third-party defendant, cannot remove an action from state court. Meritain appears to take no position on the removal as it did not join or consent to the removal, but did not file a

motion to remand nor a response in opposition to Hernando Pasco Hospice's motion to remand.

## II. **Legal Standard**

"Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999). In removal actions, the removing party bears the burden of establishing jurisdiction. Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th Cir. 1996). Any jurisdictional uncertainties are resolved in favor of remand. Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). The removing party's burden of proof is therefore a heavy one. Id.

## III. **Analysis**

Zancanelli contends that it removed this case pursuant to 28 U.S.C. § 1441, but the parties disagree as to which subsection of § 1441 the removal was based upon. Pointing to a citation in Paragraph 6 of Zancanelli's removal notice, Hernando Pasco Hospice argues that Zancanelli based its removal on § 1441(b). Zancanelli, on the other hand, argues that the removal was based on § 1441 generally or, alternatively, that it should be allowed to amend its notice to raise § 1441(c) as grounds for the removal. In any event,

-4-

the Court need not determine this issue as it finds that removal was improper under any of the relevant subsections of § 1441.

Section 1441 provides, in relevant part, as follows:

**(a)** **Generally. --** Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

**(b)** **Removal based on diversity of citizenship.--**

**(1)** In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.

**(2)** A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

**(c)** **Joinder of Federal law claims and State law claims.--**

**(1)** If a civil action includes --

**(A)** a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and

-5-

> **(B)** a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute, the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).
>
> **(2)** Upon removal of an action described in paragraph (1), the district court shall sever from the action all claims described in paragraph (1)(B) and shall remand the severed claims to the State court from which the action was removed. Only defendants against whom a claim described in paragraph (1)(A) has been asserted are required to join in or consent to the removal under paragraph (1).

28 U.S.C. § 1441(a)-(c).

As explained in Hayduk v. United Parcel Serv., Inc., 930 F. Supp. 584, 589 (S.D. Fla. 1996), "The right of a third-party defendant to remove a case from State court has been a source of tremendous conflict among the different courts that have considered the question. The vast majority of courts that have considered whether third-party defendants have the right to remove a case have determined that no such right exists." However, "binding cases in this circuit have held that a third-party defendant is not barred from pursuing a claim under certain prescribed circumstances." Id. (citing Carl Heck Eng'rs v. Lafourche Parish Police, 622 F.2d 133 (5th

-6-

Cir. 1980)).  Thus, the Court will analyze whether such circumstances exist to allow removal of this case under each of the relevant subsections of § 1441.

### A. Section 1441(a)

"Nearly every court that has considered the question whether third-parties may remove under § 1441(a) has determined that they may not." Id. at 590. As explained in Persoff, M.D. v. Aran, 792 F. Supp. 803, 804 (S.D. Fla. 1992):

> This Court agrees with those federal courts and commentators that have found that third-party defendants may not remove, primarily because this Court believes that a third-party defendant is not a "defendant" within the meaning of 28 U.S.C. § 1441(a) and thus is never capable of removing. The Court's position is dictated primarily by the language of the statute, especially in light of the strict reading which this Court is compelled to give removal statutes. The language of 28 U.S.C. § 1441(a) is very clear: cases may be removed "by the defendant or the defendants." There is no reference to third-party defendants in § 1441(a) . . . . Accordingly, after a necessary strict reading of § 1441, this Court finds that Congress, despite plenty of opportunity to do so, has not empowered third-party defendants to remove [under § 1441(a)].

(internal citations omitted).

The Court agrees with the Hyduk and Persoff courts that § 1441(a), by its terms, does not allow removal by a third-party defendant. The parties here do not dispute this point. Thus, the Court finds that removal of this case by Zancanelli is not allowed under § 1441(a).

-7-

### B. Section 1441(b)

Zancanelli's removal notice states that "A cause of action filed in state court which is preempted by ERISA and comes under the scope of 29 U.S.C. § 1132(a)(1) is removable to federal court under 28 U.S.C. § 1441(b) as an action arising under federal law." (Doc. # 1 at ¶ 6). However, it appears that Zancanelli erroneously invokes and relies upon a prior version of § 1441(b), given that § 1441(b) was amended to its current form in 2011 and now, as quoted above, provides certain criteria for removals based on diversity of citizenship. However, Zancanelli did not seek removal based on the Court's diversity jurisdiction, nor does it appear Zancanelli would be able to do so, given that the alleged amount in controversy totals only $13,413.52, well short of the $75,000 diversity jurisdictional minimum. Thus, the Court finds that § 1441(b) does not provide a proper basis for removal of this case from state court.

### C. Section 1441(c)

As quoted above, § 1441(c)(1) allows a case to be removed when the case includes *both:* "(A) a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title)" *and* "(B) a claim not within the original or supplemental jurisdiction of the

-8-

district court or a claim that has been made nonremovable by statute."  28 U.S.C. § 1441(c)(1).

The Court finds that the requirements of this subsection are not met here.  First, Zancanelli asserts throughout its notice of removal and response to the motion to remand that the claims in both the Complaint and the Third-Party Complaint arise under a federal law, ERISA.  Thus, presuming (without deciding) that both claims are preempted by ERISA, there is no "claim not within the original or supplemental jurisdiction of the district court," nor "a claim that has been made nonremovable by statute" present in this case as required by § 1441(c)(1)(B).

However, even if the Court were to disregard Zancanelli's assertion that both claims arise under and are preempted by ERISA, removal by Zancanelli under § 1441(c) would still fail because, regardless of which claim the Court construes as arising under ERISA, the other claim would likely fall within the Court's supplemental jurisdiction,[1] such that §

---

[1]  The Court's supplemental jurisdiction is prescribed by 28 U.S.C. § 1367, which provides, in pertinent part, as follows:

> (a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental

1441(c)(1)(B) still would not be satisfied.

The test for exercising supplemental jurisdiction "is whether the claims asserted 'derive from a common nucleus of operative fact.' We take the nucleus of facts on which the federal question claims are based and compare it to the nucleus of facts on which the state law claims are based." Upper Chattahoochee Riverkeeper Fund, Inc. v. City of Atlanta,

---

> jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.
>
> . . .
>
> (c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if --
>
>   (1) the claim raises a novel or complex issue of State law,
>   (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>   (3) the district court has dismissed all claims over which it has original jurisdiction, or
>   (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(a), (c).

701 F.3d 669, 679 (11th Cir. 2012)(quoting United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725 (1966)). "In deciding whether a state law claim is part of the same case or controversy as a federal issue, we look to whether the claims arise from the same facts, or involve similar occurrences, witnesses or evidence." Hudson v. Delta Air Lines, Inc., 90 F.3d 451, 455 (11th Cir. 1996).

Here, the nucleus of facts alleged in the Complaint -- that Hernando Pasco Hospice provided services for Zancanelli's employee based upon Meritain's alleged promise of insurance coverage and that Meritain has failed to pay for the services provided (Doc. # 2 at ¶¶ 5, 7, 8) -- are the same as those that form the basis of the Third-Party Complaint in which Meritain seeks indemnity from Zancanelli in the event that Meritain is found liable to Hernando Pasco Hospice (Doc. # 4 at 3-5). Thus, the two claims share a common nucleus of operative facts. See Persoff, 792 F. Supp. at 805 ("[T]here is no question that the [ERISA and third-party indemnity] claims have their genesis in the same transaction -- the plaintiff's provision of medical services to the defendant.").

Furthermore, none of the factors prescribed in § 1367(c) that allow a court to decline supplemental jurisdiction exist here. Thus, the Court finds that the claims in the Complaint

-11-

and the Third-Party Complaint would fall within the Court's supplemental jurisdiction, such there is no "claim not within the original or supplemental jurisdiction of the district court" presented in this case, as required to satisfy the removal requirements of § 1441(c)(1).

Additionally, even if the Court were to treat only Hernando Pasco Hospice's detrimental reliance claim as arising under ERISA (in satisfaction of (c)(1)(A)) and not Meritain's indemnity claim (in satisfaction of (c)(1)(B)), § 1441(c)(2) would then require the Court to "sever from the action all claims described in paragraph (1)(B) and . . . remand the severed claims to the State court from which the action was removed." Thus, the Court still would be required to sever and remand the only claim to which Zancanelli is a party, leaving Hernando Pasco Hospice and Meritain behind to litigate a claim in a forum that neither of them chose.

Moreover, § 1441(c)(2) also provides that "Only defendants against whom a claim described in paragraph (1)(A) has been asserted" -- Meritain, in this scenario -- "are required to join in or consent to the removal under paragraph (1)." Meritain has not joined in or consented to the removal of the Complaint to this Court. Therefore, under this scenario, the Court finds that § 1441(c)'s removal

requirements still have not been satisfied.

**IV.   Conclusion**

Zancanelli, as a third-party defendant, has failed to establish any proper basis for its removal of this action from Pasco County court, and, thus, Hernando Pasco Hospice's motion to remand is granted.

Hernando Pasco Hospice also seeks an award of attorney's fees under 28 U.S.C. § 1447(c) predicated upon Zancanelli's improper removal of this case.  (Doc. # 9 at 5).  The Supreme Court has held that, "absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 136 (2005).  In deciding whether to award fees when remanding cases to state court, this Court considers "the desire to deter removals sought for the purpose of prolonging litigation . . . while not undermining Congress' basic decision to afford defendants a right to remove." Bauknight v. Monroe Cnty., Fla., 446 F.3d 1327, 1329 (11th Cir. 2006) (quoting Martin, 546 U.S. at 140)).

After review of all relevant materials, including the two cases cited by Zancanelli which upheld removal by a third-party defendant under the prior version of § 1441 and in certain limited situations not present here, the Court finds

that Zancanelli had an objectively reasonable, though ultimately unsuccessful, basis for removal. Therefore, the Court declines to award Hernando Pasco Hospice attorney's fees for the improper removal.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiff Hernando Pasco Hospice, Inc.'s Motion to Remand (Doc. # 9) is **GRANTED.**

(2) The Clerk is directed to **REMAND** this case to the County Court in and for Pasco County, Florida, and thereafter to **CLOSE THE CASE.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 2nd day of July, 2013.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record